IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-118-M-BM

| | |
|---|---|
| MARQUITA FINCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| LELAND DUDEK, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the application [DE-2] by plaintiff Marquita Finch ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, it is recommended that plaintiff's application be denied.

Federal courts may authorize a plaintiff to commence a civil action without prepayment of fees upon submission of an affidavit demonstrating the plaintiff's inability to pay the fees. 28 U.S.C. § 1915(a)(1). The purpose of this statute is "to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Justice v. Hobgood*, No. 5:13-CV-677-BR, 2014 WL 12495256, at *1 (E.D.N.C. May 27, 2014). While a plaintiff need not prove she is "absolutely destitute to enjoy the benefit of the statute," the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Id.* (first quoting *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), and then quoting *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)).

Plaintiff has not shown that she meets this standard. Her affidavit discloses an average household income of more than $3200 per month—approximately $936 more than the monthly household expenses. *See* [DE-2]. Plaintiff, however, did not provide any explanation for why she cannot pay the costs of these proceedings. *See id.* at 5 (Paragraph 11). In its order to particularize [DE-5], the court afforded plaintiff the opportunity to provide additional information to support her request to proceed *in forma pauperis*. In response, plaintiff provided that "she does not have additional information to provide on the *in forma pauperis* application" and therefore "respectfully requests the opportunity to pay the filing fee to allow her case to proceed." *See* [DE-6]. Based upon the information provided, plaintiff has not shown that she would be without legal remedy were she not allowed to proceed without payment of costs.

Accordingly, it is RECOMMENDED that plaintiff's application [DE-2] be DENIED and that the clerk be directed to close this case unless plaintiff pays the requisite filing fee by **May 21, 2025**.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff or, if represented, her counsel. Plaintiff shall have until **May 7, 2025**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Submitted, this 23rd day of April, 2025.

_____
Brian S. Meyers
United States Magistrate Judge